<u>IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND</u>
<u>(Southern Division)</u>

| | |
|---|---|
| **SANDRA BLOOM** | * |
| 7352 Casey Avenue | * |
| Easton, Maryland 21601 | * |
| | * |
| Plaintiff | * |
| | * |
| vs. | * |
| | * |
| **DEPUY ORTHOPAEDICS, INC.** | * |
| SERVE: D. Moreira-Rato, US President | * |
|      Post Office Box 988 | * |
|      700 Orthopaedics Drive | * |
|      Warsaw, Indiana 46581 | * |
| | * |
| | * |
| Defendant | * |

<u>COMPLAINT AND
DEMAND FOR JURY TRIAL</u>

COMES NOW the Plaintiff, Sandra Bloom, by and through her attorneys, Michael J. Winkelman, Shireen Jayatilaka and McCarthy & Winkelman, L.L.P., and sues the Defendant DePuy, Orthopaedics, Inc., a Johnson and Johnson Company and for cause, states:

<u>THE PARTIES</u>

1. The Plaintiff, Sandra Bloom is a resident of the State of Maryland.

2. The Defendant, DePuy, Orthopaedics, Inc., a Johnson and Johnson Company and is a corporation with its headquarters in Warsaw, Indiana.

## JURISDICTION AND VENUE

3. That this is an action for personal injury caused to the Plaintiff by the negligence, breach of warranty and strict liability of the Defendant which occurred in the State of Maryland.

4. That the incident occurred at Anne Arundel Medical Center in Annapolis, Anne Arundel County, Maryland.

5. That the Plaintiff is a resident of the State of Maryland and the Defendant corporation is not incorporated in Maryland and does not have its principal place of business in Maryland.

6. That there is complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000). Accordingly, there is jurisdiction in this Court under 28 U.S.C. 1332.

## COUNT I
### (Negligence)

7. The Plaintiff incorporates by reference all those allegations of fact contained in Paragraphs 1 through 6 as if fully alleged herein.

8. That on or about February 11, 2008, Plaintiff was operated on by Dr. Paul King for a left total hip arthroplasty at Anne Arundel Medical Center in Annapolis, Anne Arundel County, Maryland.

9. That Dr. King used the following products manufactured, advertised and sold by the Defendant: Acétabular Cup size MM52 (REF 1217-22-052, LOT CC4HT 1000); Hole Eliminator-PS (REF 1246-03-000, LOT CC7EN1000); Cancellous Bone Screw Dia MM 6.5

MM LGT 15 (REF 1217-15-500, LOT B5TAS4000); Metal Insert (REF 121887352, LOT 2480499); Tapered Hip Stem with Porocoat (REF 1570-11-110, LOTB77D11000); and Articul/eze M Metal on Metal Femoral Head (REF 1365-53-000, LOT 2403097).

10. That the Defendant had failed to adequately and/or properly test said device prior to marketing the same.

11. That the Defendant had additionally failed to get the proper approvals necessary to sell a product such as this as a total hip arthroplasty kit.

12. That the Defendant was also negligent in the claims it made in marketing these devices.

13. That the Defendant failed to advise the doctors who would be using these devices and/or complete kit such as this, and their patients, not only of the facts alleged in the preceding paragraphs, but also failed to properly advise said persons of the difficulties which were being reported with the use of this device(s).

14. That during Plaintiff's surgery when the hip was dislocated anteriorly, the trial head disassociated from the femoral component and the head and neck passed through a defect in the anterior capsule. The neck became stuck, after which the head slid along the iliopsoas tendon up into the hemipelvis anterior to the acetabulum.

15. That as a result, Plaintiff had to undergo a separate abdominal incision to remove the disassociated trial femoral head component.

16. That thereafter the Plaintiff's suffered numerous complications, including but not limited to a deep vein thrombosis, external iliac artery thrombosis which required vascular

surgery for thrombectomy, permanent nerve damage to Plaintiff's left hip and left foot leading to necrotic left heel with significant wound damage, and cellulitis.

17. That the Plaintiff was never advised by the Defendant that this product(s) and/or similar products contained a defect for exactly the problems Plaintiff has experienced.   18. Defendant voluntarily phased out the sales of similar products, including but not limited to metal on metal implants in March of 2010.

19. That the Plaintiff must now live with the permanent damage and pain associated with the defect of Defendant's product(s).

20. That as a result of said negligence the Plaintiff has suffered great pain, loss of mobility, emotional upsetment and anxiety. In addition, she has incurred and will continue to incur large sums for her medical care and attention and loss of bodily function.

**WHEREFORE,** the Plaintiff, Sandra Bloom, demands judgment against the Defendant, DePuy Orthopedics, Inc., in the amount of Two Million Dollars ($2,000,000), plus costs.

## COUNT II
### (Breach of Warranty)

21. The Plaintiff incorporates by reference all those allegations of fact contained in Paragraphs 1 through 20 as if fully alleged herein.

22. That various warranties, both expressed and implied, were extended regarding this device(s) in an attempt to have members of the medical community use this device(s) rather than other devices available for use with total hip arthroplasty.

23. That the Defendant knew, and in fact encouraged, the use of this device(s) for total hip arthroplasty.

24. That although the Defendant knew of problems with this device(s) when used in total hip arthroplasty, it failed to inform either the Plaintiff or her doctor of these difficulties.

25. That the defect or defects that caused these complications, rejections and/or failures existed when the product was sold. That the failure in this case and the reason for said failure was reported to the Defendant.

26. That as a result of this defect or defects the Plaintiff suffered various complications, additional surgeries and may need additional surgeries in the future.

27. That as a result of said breach of warranty or warranties the Plaintiff has suffered great pain, loss of mobility, emotional upsetment and anxiety. In addition she has incurred and will continue to incur large sums for her medical care and attention and has suffered impaired earning capacity, mobility and further deterioration in her lower extremities.

**WHEREFORE,** the Plaintiff, Sandra Bloom, demands judgment against the Defendant, DePuy Orthopedics, Inc., in the amount of Two Million Dollars ($2,000,000), plus costs.

### COUNT III
### (Strict Liability)

28. The Plaintiff incorporates by reference all those allegations of fact contained in Paragraphs 1 through 27 as if fully alleged herein.

29. That said device(s) was in a defective condition at the time it left the possession or control of the Defendant.

30. That the said device was unreasonably dangerous.

31.  That the said defect or defects mentioned herein, including, but not limited to, manufacturing with material and in such a way that it failed during surgery resulting in tremendous pain and permanent damage to Plaintiff.

32.  That the device was expected to, and did, reach the Plaintiff without substantial changes in its condition.

**WHEREFORE,** the Plaintiff Sandra Bloom demands judgment against the Defendant DePuy Orthopedics, Inc. in the amount of Two Million Dollars ($2,000,000), plus costs.

McCARTHY & WINKELMAN, L.L.P.

By: _____
Michael J. Winkelman, Bar No.: 13815
Shireen Jayatilaka, Bar No.: 17349
One Town Center
4201 Northview Drive, Suite 410
Bowie, Maryland 20716
(301) 262-7422
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury as to all issues herein contained.

By: _____
Michael J. Winkelman
Shireen Jayatilaka