IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SANDRA BLOOM                      *
                                  *
        Plaintiff                 *        Case No. 1:10-cv-02170-BEL
                                  *
v.                                *
                                  *
DEPUY ORTHOPAEDICS, INC.          *
                                  *
        Defendant                 *
                                  *

****************

**MEMORANDUM IN SUPPORT OF
<u>MOTION TO DISMISS COMPLAINT</u>**

Plaintiff has filed a complaint alleging that Defendant Depuy Orthopaedics, Inc.

("Depuy" or "Defendant") has been "negligent," sold an "unreasonably dangerous" product (or

products), and breached "various warranties."  But for reasons that are currently unclear,

Plaintiff is unwilling to assert the *factual* allegations that would disclose (1) what the

"defective" product is; (2) what is wrong with it; or (3) what warranties Defendant made to her

and purportedly breached.  Defendant knows little more than it would know if the Complaint

simply stated "Your bad products injured my hip and I am suing you in tort and contract."  The

most notable difference between that plainly inadequate hypothetical complaint and the one

Plaintiff actually filed is that the actual complaint is loaded with legal conclusions couched as

factual allegations.  But it still fails to put Defendant on reasonable notice of what is at issue

here.  Modern federal pleading standards demand more, and this Complaint should be dismissed

under Federal Civil Rules of Procedure 8(a)(2) and 12(b)(6).

## FACTUAL BACKGROUND

On August 9, 2010, Plaintiff Sandra Bloom, through counsel, filed what she describes as "an action for personal injury caused to the Plaintiff by the negligence, breach of warranty, and strict liability of the Defendant."  Compl. (ECF No. 1) ¶ 3.[1]  She alleges that on February 11, 2008, she underwent left total hip arthroplasty at Anne Arundel Medical Center in Annapolis, Maryland.  She alleges the operation was not successful.

### The General Allegations

Plaintiff generally alleges that her surgeon used the following products, which were "manufactured, advertised, and sold by the Defendant:"

1) Acetabular Cup size MM52
2) Hole Eliminator-PS
3) Cancellous Bone Screw Dia MM 6.5 MM LGT 15
4) Metal Insert
5) Tapered Hip Stem with Porocoat
6) Articul/eze M Metal on Metal Femoral Head

Id. ¶ 9.  With no elaboration, Plaintiff alleges that "the Defendant had failed to adequately and/or properly test said device prior to marketing"; "Defendant . . . failed to get the proper approvals necessary to sell a product such as this as a total hip arthroplasty kit"; and "the Defendant was also negligent in the claims it made in marketing these devices."  Id. ¶¶ 10-12. Plaintiff further alleges that Defendant failed to disclose "the difficulties which were being reported with the use of this device(s)."  Id. ¶ 13.

In paragraph 14, she states "during Plaintiff's surgery when the hip was dislocated anteriorly, the trial head disassociated from the femoral component and the head and neck

---

[1]  Defendant was not served with the Complaint until October.  *See* ECF No. 3.

passed through a defect in the anterior capsule.  The neck became stuck, after which the head slid along the ilipsoas tendon up into the hemipelvis anterior to the acetabulum."[2]  Id. ¶ 14. Plaintiff then alleges a series of injuries purportedly caused by Defendant and complications from her surgery.  Plaintiff complains that she "was never advised by the Defendant that this product(s) and/or similar products contained a defect for exactly the problems Plaintiff has experienced."  Id. ¶ 17.

<u>The Three Causes of Action</u>

Plaintiff alleges three causes of action: (1) negligence, (2) breach of warranty and (3) strict liability.  In Count I, she seeks $2 million "as a result of said negligence."  Id. ¶ 20.  In Count II, Plaintiff alleges "that various warranties, both expressed and implied, were extended regarding this device(s)."  Id. ¶ 22.  She also alleges "the Defendant knew of problems with this device(s) when used in total hip arthroplasty" but "it failed to inform either the Plaintiff or her doctor of these difficulties."  Id. ¶ 24.  .  She further alleges that "the defect or defects that caused these complications, rejections and/or failures existed when the product was sold" and that "the failure in this case and the reason for said failure was reported to the Defendant."  Id. ¶ 25.  She claims damages "as a result of said breach of warranty or warranties."  Id. ¶ 27.

In Count III, Plaintiff alleges that "said device(s) was in a defective condition" and that "said device was unreasonably dangerous."  Id. ¶¶ 29, 30.  She then references "the said defect or defects mentioned herein, including, but not limited to, manufacturing with material and in such a way that it failed during surgery."  Id. ¶ 31.

---

[2]  To be clear, Defendant presumes that the anterior capsule, iliopsas tendon, hemipelvis, and acetabulum are all parts of the Plaintiff's natural anatomy.

3

From these legal contentions and allegations, it is entirely unclear what factual allegations show Plaintiff is entitled to relief.  Defendant cannot discern what it allegedly did negligently, how its product(s) is/are defective, or what "various warranties" it allegedly breached.  The Complaint is insufficient under Federal Rule of Civil Procedure 8(a)(2) and should be dismissed under Rule 12(b)(6).

**ARGUMENT**

**I.     Rule 8 Requires Factual Allegations (Not Mere, Legal Conclusions) That, If True, Show Plaintiff Is Entitled To Recover from Defendant**

Federal Rule of Civil Procedure 8(a)(2) requires "a short plain statement of the claim showing that the pleader is entitled to relief."  In a pair of recent, landmark opinions, the Supreme Court has stressed that, although the Rule 8 standard is not rigorous, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

Factual allegations are crucial.  Although a well pleaded complaint does "not need detailed factual allegations," the allegations still "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  And "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  The Court is emphatic that "only a complaint that states a plausible claim for relief survives a [Rule 12(b)(6)] motion to dismiss." Id.  at 1949.

The Fourth Circuit has applied Rule 8's requirement of factual allegations, which Twombly and Iqbal clarified, for decades.  Chief Judge Chasanow recently summarized the law:

> The court need not . . . accept unsupported legal allegations, Revene v. Charles County Comm'rs, 882 F.2d 870, 873 (4th Cir.1989), legal conclusions couched as factual allegations, Iqbal, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir.1979). *See also* Francis v. Giacomelli, No.09-1908, 2009 WL 4348830 (4th Cir. Dec. 2, 2009). . . . Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  [Iqbal, 129 S.Ct. at 1950.]

Brown v. Lanham Ford Inc., CIV. A. DKC 09-0753, 2010 WL 313253, at *2 (D. Md. Jan. 20, 2010).  The Fourth Circuit is equally clear that a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" (quoting Twombly, 127 S.Ct. at 1974 (emphasis removed)).  Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); *see also* Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250 (4th Cir. 2009).

## II.    Plaintiff's Threadbare Complaint Makes No Factual Allegations That, If True, Show Defendant Is Liable Under Any of Her Causes of Action

When stripped of its legal verbiage, the Complaint has few truly *factual* allegations that would plausibly suggest Defendant is liable for anything.

### a.    Plaintiff Makes No Factual Allegations That, If True, Show Defendant Was Negligent in Any Way

Although loaded with conclusory assertions that Defendant was "negligent," "failed to get the proper approvals," and "failed to adequately and/or properly test said device," Plaintiff provides no factual allegations that animate what product she is even referring to and what Defendant negligently did or failed to do.  "[B]are bones pleadings do not state a plausible claim for relief."  Flanagan v. Anne Arundel County, 593 F. Supp. 2d 803, 810 (D. Md. 2009)

(Legg, J.) (dismissing complaint under <u>Twombly</u> where allegation that defendant was "not qualified" "appears to be pure speculation devoid of factual support").  Where, as here, "Plaintiff simply recites elements of a potential cause of action . . . and provides no factual and contextual information about Defendant's alleged violation," the "Plaintiff has failed to provide any facts at all to inform [Defendant of its challenged conduct] and so has not met her pleading burden."  <u>Brown v. Lanham Ford Inc.</u>, CIV. A. DKC 09-0753, 2010 WL 313253, at *3 (D. Md. Jan. 20, 2010).  Because Defendant cannot even discern what its challenged conduct is, the negligence claim fails under <u>Iqbal</u>, and should be dismissed.

### b. Plaintiff Makes No Factual Allegations That, If True, Show Defendant Breached Any Express or Implied Warranty

Plaintiff's warranty claims are similarly bereft of factual allegations.  Putting aside Plaintiff's failure to allege what Defendant did that was supposedly negligent, Plaintiff also fails to articulate any warranty, express or implied, that Defendant is even alleged to have *offered*, let alone breached.  This requires dismissal of the warranty claim.  *See* <u>Rush v. Am. Home Mortgage, Inc.</u>, No. WMN-07-cv-854 2009 WL 4728971, at *21 (D. Md. Dec. 3, 2009) ("In a [Maryland] breach of express warranty action, 'a plaintiff must set forth the terms and conditions of the warranty.' " (quoting <u>Pulte Home Corp. v. Parex, Inc.</u>, 174 Md. App. 681, 923 A.2d 971 (Md. Ct. Spec. App. 2007), <u>*aff'd,*</u> 403 Md. 367, 942 A.2d 722 (2008))).  Another District Court in the Fourth Circuit recently recognized – in the precise context of a warranty claim for allegedly defective hip replacement equipment – that, as here, "Plaintiff has failed to sufficiently plead a claim for breach of express warranty under North Carolina law because his complaint fails to identify" the warranty between the parties.  <u>Covert v. Stryker Corp.</u>, No. 1:08cv447, 2009 WL 2424559, at *16 (M.D.N.C. Aug. 5, 2009) (applying North Carolina law).

Plaintiff cannot begin to satisfy Rule 8 until she discloses what she considers the breached warranty to be.

### c.  Plaintiff Makes No Factual Allegations That, If True, Show That Defendant Is Liable in Any Way Under Products Liability

Plaintiff's five-paragraph products liability claim is even more anemic.  Her contentions "that this product(s) and/or similar products contained a defect" and that "said device(s) was in a defective condition" and is "unreasonably dangerous" are all purely legal conclusions couched as factual allegations.  Defendant remains unaware of (1) what the challenged product is; (2) what the alleged "defect" is; or (3) how it is "unreasonably dangerous." *See* Iqbal, 129 S.Ct. at 1950.  These allegation cannot stand as currently pleaded.

## CONCLUSION

Rule 8 is not a rigorous rule but it still requires plaintiffs to make plausibly articulate factual allegations that put the other party on notice of what it allegedly did wrong and show why it is liable for its alleged misconduct.  The Supreme Court has issued two watershed rulings since 2007 making it clear to District Courts that purely conclusory legal claims do not satisfy Rule 8's requirement of a "short plain statement showing the pleader is entitled to relief."  Where, as here, the Plaintiff elects to withhold her factual allegations from the

complaint, the complaint should be dismissed.

   For these reasons, Defendant respectfully asks the Court to dismiss the Complaint in its entirety.


                              Respectfully submitted,


                              _____/s/_____
                              Richard M. Barnes (Bar No. 00669)
                              Michael J. Wasicko (Bar No. 27735)
                              Derek M. Stikeleather (Bar No. 27815)
                              Goodell, DeVries, Leech & Dann, LLP
                              One South Street, 20th Floor
                              Baltimore, Maryland  21202
                              (410) 783-4000

                              *Attorneys for Defendant*
                              Depuy Orthopaedics, Inc.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this _____ day of October, 2010, a copy of the foregoing

Motion to Dismiss Complaint and Memorandum in Support was sent via CM-ECF to:


Michael J. Winkelman, Esquire
McCarthy and Winkelman, LLP
One Town Center
4201 Northview Drive, Suite 410
Bowie, Maryland  20716
mike@mccarthywinkelman.com

Shireen Jayatilaka, Esquire
McCarthy and Winkelman, LLP
One Town Center
4201 Northview Drive, Suite 410
Bowie, Maryland  20716
shireen@mccarthywinkelman.com



_____/s/_____
Derek M. Stikeleather



4841-9412-0967