## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

| | |
|---|---|
| SANDRA BLOOM | * |
| | * |
| **Plaintiff** | * |
| | * |
| vs. | * |
| | * Case No: 1:10-CV-02170-BEL |
| DEPUY ORTHOPAEDICS, INC. | * |
| | * |
| | * |
| **Defendant** | * |

---

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COMES NOW the Plaintiff, Sandra Bloom, by and through her attorneys, Michael J. Winkelman, Shireen Jayatilaka and McCarthy & Winkelman, L.L.P., and hereby files this Opposition to Defendants' Motion to Dismiss and in support thereof states as follows:

1.    That the Defendant seeks to have this matter dismissed largely through the argument of factual determinations.

2.    That factual determinations are never appropriate for motions to dismiss.

3.    That the Defendants have denied the Plaintiff an opportunity to be compensated for their egregious conduct.

4.    That the Plaintiffs have properly filed this action in Court and should finally be given their opportunity to be heard on their claims.

5.    That for the reasons to follow in the attached Memorandum, a Motion to Dismiss Judgment is not appropriate in this case.

6.    That if the Court deems the Plaintiff's Complaint insufficient in factual

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

allegations, that in the alternative, this Honorable Court will permit the Plaintiff additional time to file an Amended Complaint.

**WHEREFORE,** the Court's attention is directed to the attached Memorandum of Points and Authorities.

McCARTHY & WINKELMAN, L.L.P.

By: _____

Michael J. Winkelman, Bar No.: 13815
Shireen Jayatilaka, Bar No.: 17349
One Town Center
4201 Northview Drive, Suite 410
Bowie, Maryland   20716-2668
(301) 262-7422
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this _10th_ day of November 2010, a copy of the foregoing Plaintiffs' Opposition to Defendants' Motion to was served via e-filed to:

Richard Barnes, Esquire
Michael Wasicko, Esquire
Derek Stikeleather, Esquire
One South Street, 20th Floor
Baltimore, Maryland 21202

_____
Shireen Jayatilaka

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

| | |
|---|---|
| **SANDRA BLOOM** | * |
| | * |
| **Plaintiff** | * |
| | * |
| **vs.** | * |
| | * Case No: 1:10-CV-02170-BEL |
| **DEPUY ORTHOPAEDICS, INC.** | * |
| | * |
| | * |
| **Defendant** | * |

---

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

The instant action arises out of an egregious set of circumstances which occurred on or about February 11, 2008, when Plaintiff Sandra Bloom was operated on by Dr. Paul King for a left total hip arthroplasty at Anne Arundel Medical Center in Annapolis, Anne Arundel County, Maryland. That during the operation, Dr. King used a system manufactured advertised and placed in the stream of commerce by Defendant. The system consisted of the following items: Acetabular Cup size MM52 (REF 1217-22-052, LOT CC4HT 1000); Hole Eliminator-PS (REF 1246-03-000, LOT CC7EN1000); Cancellous Bone Screw Dia MM 6.5 MM LGT 15 (REF 1217-15-500, LOT B5TAS4000); Metal Insert (REF 121887352, LOT 2480499); Tapered Hip Stem with Porocoat (REF 1570-11-110, LOTB77D11000); and Articul/eze M Metal on Metal Femoral Head (REF 1365-53-000, LOT 2403097). That during

MCCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

the surgery, when the hip was dislocated anteriorly, the trial head **disassociated from the femoral component**, when it was not suppose to, and the **head and neck passed through the anterior capsule**, when it was not suppose to, after which **the neck became stuck**, when it was not supposed to, **and the head slid along the iliopsoas tendon up into the hemipelvis anterior to the acetabulum**, when it was not suppose to, causing permanent injury to the Plaintiff.

As a result, Plaintiff had to undergo a separate abdominal incision to remove the disassociated trial femoral head component, after which Ms. Bloom suffered numerous complications, including but not limited to a deep vein thrombosis, external iliac artery thrombosis which required vascular surgery for thrombectomy, permanent nerve damage to Plaintiff's left hip and left foot leading to necrotic left heel with significant wound damage, and cellulitis.

The Defendant has sought to have this matter dismissed largely through the argument of factual determinations, and factual determinations are never appropriate for motions to dismiss.  Further, Defendant has denied the Plaintiff an opportunity to be compensated for their egregious conduct.  The Plaintiff has properly filed this action in Court and should finally be given their opportunity to be heard on her claims.  For the reasons to follow, Defendant's Motion to Dismiss is not appropriate in this case.

### STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) Motion is to test the sufficiency of a Complaint; importantly, a Rule 12(b)(6) Motion does not resolve contests surrounding the facts, the

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 4 -

merits of a claim, or the applicability of defenses. *Edwards v. City of Goldsboro,* 178 F.3d

231, 243 (1999) citing *Republican Party v. Martin,* 980 F.2d 94, 952 (4TH Cir. 1992).

Accordingly, a Rule 12(b)(6) Motion should only be granted if after accepting all well pleaded

applications in the plaintiff's Complaint as true and drawing all reasonable factual inferences

from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any

set of facts in support of his claim entitling him to relief. *Id.*

It is well settled that a Complaint should not be dismissed for failure to state a claim

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). In this

regard, a Court must construe pleadings liberally, and mere vagueness or lack of detail does

not constitute sufficient grounds for a Motion to Dismiss. *J. Moore & J. Lucas,* 2A Moores

Federal Practice, Paragraph 12.08 at 2285 (1984).

Much of the argument advanced by the Defendants in their Motion call for factual

determinations to be made by this Court. Factual determinations are not appropriate in the

Motion to Dismiss. In addition, this Defendant advances many arguments which would be

suggestive of a heightened pleadings standard which has not been adopted by the Circuit or

Federal Courts in general. The Plaintiffs have pled facts sufficient to survive a Motion to

Dismiss and should be allowed to go forward with this action.

Lastly and more importantly, the Plaintiff would respectfully remind this Court that

many facts are unknown to these Plaintiff as there has yet to be discovery and they have been

told little, if any, information regarding the facts surrounding this case.

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 5 -

## ARGUMENT

### Plaintiff's Complaint and Factual Allegations Satisfies Rule 8

Federal Rule of Civil Procedure 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the...claim is". *Erickson v. Pardus* 127 S.Ct. 2197, 2200 (2007). Plaintiff need only to "nudge their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'". *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly* at 1955). Further in order to satisfy this context-specific test, one is not required to plead detailed factual allegations. *Id.* at 1949-50.

In this instant action, Plaintiff alleged three separate causes of action (1) negligence (2) breach of warranty and (3) strict liability. Unlike the Defendant, undersigned counsel will not take Plaintiff's Complaint out of context and will review the document as a whole, as it was intended, as all Complaints were intended to since the beginning of time.

In Count I, Defendant is correct that Plaintiff alleged negligence, however, Plaintiff also alleged factual allegations which laid out a prima facie case against the Defendant for negligence. What Plaintiff does <u>NOT</u> do is merely state that Defendant was negligent, as suggested by the Defendant.

In Plaintiff's Complaint, Plaintiff alleged that surgery for a left total hip arthroplasty occurred on February 11, 2008 and that the products manufactured by the Defendant were

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 6 -

used in that particular surgery. (See Plaintiff's Complaint, paragraphs 8 and 9). It is factually indicated in Plaintiff's Complaint that Defendant manufactured these products, placed it into the stream of commerce and as such, a duty was created for any and all consumers using this product. Further, Plaintiff alleged that prior to Plaintiff's surgery, Defendant failed to adequately and/or properly test said device prior to marketing the same; failed to get the proper approvals necessary to sell a product such as this as a total hip arthroplasty kit; and more importantly failed to advise the doctors who would be using these devices and/or complete kit such as this, and their patients, that others had had difficulties similar to Plaintiff. (See Plaintiff's Complaint paragraphs 10, 11 and 13). These failures raise a plausible and reasonable inference that Defendant breached their duties to all consumers, including the Plaintiff.

Plaintiff has satisfied the element requirements and factual allegations as these paragraphs lay out the basic elements of a negligence claim. That being that there was a "(1) duty or obligation under which the defendant is to protect the plaintiff from injury; (2) [and] the breach of that duty". *Bobo v. State of Maryland*, 346 Md. 706, 714, 697 A.2d 1371, 1376 (1997).

Lastly, in paragraphs 14 through 20 in Plaintiff's Complaint, Plaintiff laid out the final piece of the puzzle, that being that "actual loss and injury to the plaintiff proximately resulting from the breach". *Id.* That during the surgery, when Dr. King used Defendant's products or the kit as a whole, Plaintiff's hip was dislocated anteriorly, the trial head **disassociated from the femoral component**, when it was not suppose to, and the **head and neck passed through**

McCarthy
&
Winkelman
L.L.P.
One Town Center
4201 Northview Drive
Suite 410
Bowie, MD 20716
Phone 301-262-7422
Fax 301-262-0562

- 7 -

**the anterior capsule**, when it was not suppose to, after which **the neck became stuck**, when it was not supposed to, **and the head slid along the iliopsoas tendon up into the hemipelvis anterior to the acetabulum**, when it was not suppose to, causing permanent injury to the Plaintiff.

In Count II, Plaintiff alleged both expressed and implied warranties. (See Plaintiff's Complaint paragraph 22). In order to recover for a breach of an express or implied warranty, Plaintiff must allege that a warranty existed, the product did not conform to the warranty and that the breach was a cause of the injury to a third party. *Fischbach & Moore Int'l Corp v. Crane Barge*, 632 F.2d 1123, 1125 (4th Cir. 1980). The "Court of Special Appeals first noted the difference between a court's treatment of express and implied warranties: 'What differentiates a promise implied by law [i.e., an implied warranty,]. . . and an express warranty is that the 'standard of performance is set by the defendants' promises, rather than imposed by law.'" *Pittway Corp. v. Collins*, 409 Md. 218, 237, 973 A.2d 771, 782 (2009) *(quoting Collins v. Li*, 176 Md. App. 501, 587, 933 A.2d 528, 578 (2007)).

In *Heck v. American Medical Systems, Inc.,* Civil No. CCB-07-2101, 2008 U.S. Dist. LEXIS 36462 (D. Md. April 30, 2008), Plaintiff only pled in their Complaint that the Defendant was negligent for manufacturing the product, that the Defendant was liable because the product was defective and as a result of the defective product, Plaintiff was injured. The Court stated that because the Plaintiff did not state the elements of any the claims, more specifically that Plaintiff failed to specify the elements of a breach of warranty claim, or provide any factual support, their Complaint must be dismissed. *Id.*

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

That is not the case in this instant action.  Plaintiff's Complaint alleged that warranties existed, that the product did not conform to the warranty and the breach of the warranty was the cause of the Plaintiff's injury, clearly satisfying the element requirements.  In fact, Plaintiff alleged that Defendant expressly promised and implied that there would be no failures when they encouraged the use of these products. (See Plaintiff's Complaint paragraph 22).  In addition, Plaintiff stated that the products used in the surgery were products manufactured, advertised and placed in the stream of commerce by the Defendant.

It is reasonable for the Court to infer from Plaintiff's factual allegations that any product placed in the stream of commerce has an express and implied warranty, that being that the Defendant expressly promised and implied that the goods were merchantable and fit for a particular purpose.  Further, it is also reasonable to infer that the products manufactured, advertised and sold by the Defendant, would perform as expected and that it would not fail as it had in Plaintiff's surgery.  However, we know that this did not occur as the product or kit used in Plaintiff's surgery was not merchantable and did not perform as expected or promised[1], thereby causing permanent injury to the Plaintiff.[2]

Lastly, let us not forget that the existence of a warranty is generally a question of fact for the jury. *Barb v. Wallace*, 45 Md. App. 271, 278-91, 412 A.2d 1314 (1980).  At the very least, based on the factual allegations in Plaintiff's Complaint, it is reasonable for the Court to infer that there was a promise from the Defendant when they placed these products into the

MCCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

[1]  See Plaintiff's Complaint paragraphs 14.

[2]  See Plaintiff's Complaint paragraphs 25, 26, and 27.

- 9 -

stream of commerce, that the trial head would not disassociate from the femoral component during surgery, and that the head and neck would not pass through the anterior capsule during surgery, and that the neck would not become stuck during surgery, and that the head would not slide along the iliopsoas tendon up into the hemipelvis anterior to the acetabulum during surgery, and that this product would not cause permanent injury to any consumer using this product.

Finally, Plaintiff alleged that Defendant was strictly liable. Under Maryland law, to prevail in a strict liability action, one must show or allege that "(1) the product was in defective condition at the time that it left the possession or control of the seller, (2) that it was unreasonably dangerous to the user or consumer, (3) that the defect was a cause of the injuries, and (4) that the product was expected to and did reach the consumer without substantial change in its condition'. *Phipps v. General Motors Corp.* 363 A2d 955, 958 (Md. 1976). Plaintiff has alleged all four criteria in the Complaint. (See Plaintiff's Complaint paragraphs 28, 29, 30, 31, 32).

"[A] claimant should specify at least one of three possible reasons a product may be defective: 'First, there may be a flaw in the product at the time the defendant sold it... Second, a producer of a product may fail to warn adequately of a risk or hazard related to the way the product was designed...Finally, a product may be defective in its design.'" *Supra, Heck* (quoting *Simpson v. Standard Container Co.*, 72 Md. App. 199, 527 A.2d 1337, 1339-40 (1987).

In this instant case, Plaintiff pleaded specifically what occurred during surgery when

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

clearly the products[3] were not suppose to fail in the many ways that it did.  In addition,

Plaintiff alleged all three possible theories, that the products had a flaw(s) at the time it was

placed in the stream of commerce[4], that the defendant, even though they were aware of the

possibility that the trial head would disengage from the femoral component and cause further

complications and injuries,  failed to warn of the risk related to these products[5], and finally

that the products may have had a defective design[6].

## CONCLUSION

Defendant's products, specifically Defendant's hip arthroplasty products, are

undergoing a massive voluntary recall.  These products are being recalled because these

products are defective and have failed thousands of times causing numerous injuries to

consumers all over the country.

The injuries suffered by the Plaintiff are real and continuing in nature.  The Plaintiff

has submitted sufficient facts to survive a motion to dismiss and as such, Defendant's Motion

to Dismiss must be denied.

That if the Court deems the Plaintiff's Complaint insufficient in factual allegations,

that in the alternative, this Honorable Court will permit the Plaintiff additional time to file an

Amended Complaint.

---

[3]  The products identified in Plaintiff's Complaint were sold as a kit by the Defendant.

[4]  See Plaintiff's Complaint paragraph 25.

[5]  See Plaintiff's Complaint paragraph 13.

[6]  See Plaintiff's Complaint paragraph 31.

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

McCARTHY & WINKELMAN, L.L.P.

By: _____
Michael J. Winkelman, Bar No.: 13815
Shireen Jayatilaka, Bar No.: 17349
One Town Center
4201 Northview Drive, Suite 410
Bowie, Maryland   20716-2668
(301) 262-7422
Attorney for Plaintiff

McCARTHY
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

| | |
|---|---|
| **SANDRA BLOOM** | * |
| | * |
| **Plaintiff** | * |
| | * |
| **vs.** | * |
| | * Case No: 1:10-CV-02170-BEL |
| **DEPUY ORTHOPAEDICS, INC.** | * |
| | * |
| | * |
| **Defendant** | * |

---

### ORDER

Upon consideration of the Defendant's Motion to Dismiss, and Plaintiff's Opposition,

it is this _____ day of _____, 2010, by the United States District Court for the

District of Maryland;

   **ORDERED,** that Defendant's Motion to Dismiss be, and hereby is **DENIED**.

_____
JUDGE, United States District Court
for the District of Maryland

McCarthy
&
Winkelman
L.L.P.
One Town Center
4201 Northview Drive
Suite 410
Bowie, MD 20716
Phone 301-262-7422
Fax 301-262-0562

COPIES TO:

Richard Barnes, Esquire
Michael Wasicko, Esquire
Derek Stikeleather, Esquire
One South Street, 20th Floor
Baltimore, Maryland 21202

Michael J. Winkelman, Esquire
Shireen Jayatilaka, Esquire
One Town Center
4201 Northview Drive, Suite 410
Bowie, Maryland   20716-2668

McCarthy
&
WINKELMAN
L.L.P.
ONE TOWN CENTER
4201 NORTHVIEW DRIVE
SUITE 410
BOWIE, MD 20716
PHONE 301-262-7422
FAX 301-262-0562

- 14 -