IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SANDRA BLOOM                                    :

    Plaintiff                                 :

v                                               :          Civil Case No. L-10-2170

                                               :

DEPUY ORTHOPAEDICS, INC.                        :

    Defendant                                 :

o0o
**<u>MEMORANDUM</u>**

This is a products liability case. The Plaintiff, Sandra Bloom, alleges that a defective hip replacement kit manufactured by the Defendant, Depuy Orthopaedics, Inc. ("Depuy"), caused her injury during a total hip arthroplasty performed in February of 2008.

Now pending is Depuy's Motion to Dismiss. Docket No. 5. The Court has carefully reviewed the papers and no hearing is deemed necessary. See Local Rule 105.6 (D. Md. 2010). For the reasons stated herein, the Court will, by separate Order, GRANT the Motion and direct Bloom to file an Amended Complaint.

**I.    BACKGROUND**

On February 11, 2008, Bloom underwent arthroplasty surgery on her left hip at the Anne Arundel Medical Center in Annapolis, Maryland. The Complaint alleges that complications arose during the surgery, requiring Bloom to undergo a separate incision to her abdomen in order to correct the problem. As a result, Bloom claims that she has suffered numerous complications including deep vein and external iliac artery thromboses (blood clots), cellulitis (a skin

1

infection), and permanent nerve damage.  Bloom attributes these injuries to a defect in the hardware used in the surgery, which was manufactured and sold by Depuy.

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).[1]  The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965.  The Court must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

## III. ANALYSIS

At the heart of the Depuy's Motion is its objection that it "knows little more than it would know if the Complaint simply stated 'Your bad products injured my hip and I am suing you in tort and contract.'"  Def.'s Mt. to Dismiss 1, Docket No 5.  The Court agrees.

The Complaint contains three counts: Negligence (Count I), Breach of Warranty (Count II), and Strict Products Liability (Count III).  Common to all counts is a requirement that the product in question be defective in some way.  Bloom has failed to plead facts sufficient to support her claims because she has not identified which product contained the alleged defect, nor what she contends the defect to be.

---

[1] In Twombly, the Supreme Court expressly disavowed the oft-quoted language in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), cited by Bloom, that "a Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  See Twombly, 550 U.S. at 563 ("this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard.")

Bloom's Complaint lists six separate products manufactured by Depuy that were used in her surgery, including an acetabular cup, a cancellous bone screw, and an Articul/eze M metal on metal femoral head. Nowhere is the reader told which part allegedly malfunctioned or what was wrong with it. The only part of Bloom's Complaint which offers a clue to the nature of her claim is the following paragraph, reproduced here in full:

> During the Plaintiff's surgery when the hip was dislocated anteriorly, the trial head disassociated from the femoral component and the head and neck passed through a defect in the anterior capsule. The neck became stuck, after which the head slid along the iliopsoas tendon up into the hemipelvis anterior to the acetabulum.

Pl.'s Compl. 3, Docket No. 1.

While the Court's medical knowledge is admittedly rudimentary, this description seems to convey no more than that something happened that should not have. Depuy is provided no notice as to which of its products was allegedly defective, whether the defect was in the design or manufacture, or how a non-defective product would have operated. Similarly, the Complaint states that "the Defendant had additionally failed to get the proper approvals necessary to sell a product such as this as a total hip arthroplasty kit," but nowhere identifies which product or combination thereof required approval, what sort approval was needed, or who was responsible for granting it. Id.

Bloom's Breach of Warranty claim suffers from an additional failing. She asserts that "various warranties, both expressed and implied, were extended regarding this device(s)," but explains neither what the terms or guarantees of these warranties were, nor how Depuy is alleged to have breached them. Id. at 4. This is precisely the type of "formulaic recitation of the elements of a cause of action" dismissed as inadequate in Twombly. 127 S. Ct. at 1965.

## IV. CONCLUSION

Bloom will be given an opportunity to remedy these defects and show that her case is potentially meritorious. The Court will, by separate Order of even date, GRANT Depuy's Motion to Dismiss (Docket No. 5) and grant Bloom 30 days from the date of the Order in which to file an Amended Complaint.

Dated this 25th day of March, 2011

/s/
_____
Benson Everett Legg
United States District Judge