# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

SANDRA BLOOM,                :

    Plaintiff

                                     :

    v.                                         Civil Case No. L-10-2170

                                     :

DEPUY ORTHOPAEDICS, INC.,    :

    Defendant              :

o0o
## MEMORANDUM

This is a products liability case. The Plaintiff, Sandra Bloom, alleges that a defective hip replacement kit manufactured by the Defendant, Depuy Orthopaedics, Inc. ("Depuy"), caused her injury during a total hip arthroplasty performed in February of 2008.

Now pending is Depuy's Motion to Dismiss Bloom's Amended Complaint. Docket No. 13. The issues have been comprehensively briefed and no hearing is deemed necessary. See Local Rule 105.6 (D. Md. 2010). For the reasons stated herein, the Motion will be DENIED.

**I.    BACKGROUND**

By Order dated March 25, 2011, the Court granted DePuy's Motion to dismiss Bloom's original Complaint for failure to meet the requirements of Rule 8(a), holding that "Bloom has failed to plead facts sufficient to support her claims because she has not identified which product contained the alleged defect, nor what she contends the defect to be." Mem. Op. 2, Docket No. 9. The Court likewise dismissed Bloom's breach of warranty claim, since the Complaint set forth "neither what the terms or guarantees of these warranties were, nor how Depuy is alleged to

1

have breached them." Id. at 3. The Court thereafter granted Bloom 30 days within which to amend her Complaint to allege further facts in support of her claims. Bloom filed her Amended Complaint on April 25, 2011. In response, DePuy filed the Motion to Dismiss now before the Court.

## II.　LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The Court must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

## III.　ANALYSIS

Bloom's Amended Complaint is long on abstruse descriptions of the hip replacement procedure and precariously short on facts that would tend to establish DePuy's liability. Nevertheless, Bloom has alleged enough to satisfy the pleading requirements of Twombly and Iqbal.[1]

---

[1] In an attempt to buttress the allegations in her Amended Complaint, Bloom has appended several documents to her Response in Opposition. These include the surgery report of Dr. King, who performed the operation, and various communications between Dr. King and a DePuy representative. Generally, a district court may consider only the legal sufficiency of the complaint in ruling on a Rule 12(b) motion to dismiss, unless the court is prepared to convert the proceeding to one for summary judgment. See Chapin v. Knight-Ridder, Inc., 993 F.2d 1087, 1109 (4th Cir. 1993). The Court, therefore, disregards Bloom's submissions.

2

The crucial language appears in paragraph 18 of the Amended Complaint. When Dr. King attempted to dislodge the trial head and neck of the artificial hip from where they had become stuck after passing through the anterior capsule of Bloom's hip, "the head disengaged . . . and traveled into the hemipelvis . . . . The head was not intended to become dislocated from the neck . . . and the detaching of the head from the neck in these circumstances represented a failure in the product design, manufacture and implementation." Am. Compl. ¶ 18. In short, Bloom alleges that two pieces of the artificial hip manufactured and sold by DePuy came apart when they should not have, resulting in her injury.[2] While sparse, these allegations are enough to place DePuy on notice of the claim against it and state a plausible claim for relief.

Bloom has likewise salvaged her breach of warranty claim, at least with regard to implied warranties. Her Amended Complaint specifies that the warranties allegedly extended by DePuy "included the warranty that the product was fit for a particular purpose and was otherwise merchantable." Section 2-314 of the Commercial Law article of the Maryland Code provides, in relevant part, that

> (1) Unless excluded or modified . . . a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. . . . (2) Goods to be merchantable must be at least such as . . . (c) Are fit for the ordinary purposes for which such goods are used . . . .

To the extent that Bloom's Amended Complaint claims that DePuy breached express warranties, such a claim must fail because Bloom has made no allegations as to the terms and conditions of

---

[2] DePuy urges that these facts cannot support a finding of liability because "the trial femoral head is specifically intended not to remain permanently on the stem component, but to be capable of being removed and replaced with another size of trial component," and, therefore, "alleging that a <u>removable</u> trial head was removed while being dislodged . . . does not reasonably suggest the trial head and/or neck are defective." Def.'s Mt. to Dismiss 6, Docket No. 13-1 (emphasis in original). While this argument may eventually carry the day for DePuy, it is nonetheless an argument on the merits properly made at the summary judgment stage.

3

any such warranty.  See Pulte Home Corp. v. Parex, Inc., 174 Md. App. 681, 726 (Md. Ct. Spec. App. 2007).

## IV. CONCLUSION

Bloom's case may proceed to discovery, and her allegations will be further tested at summary judgment.  The Court will, by separate Order of even date, DENY Depuy's Motion to Dismiss (Docket No. 13).  In addition, the Court will enter a Scheduling Order to govern the progress of discovery.

Dated this 7th day of July, 2011

/s/
_____
Benson Everett Legg
United States District Judge